UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y
★ AUG 31 2010 ★
BROOKLYN OFFICE

-------------------------------------------------------------X

CHERILYN HECTOR and KAREEM STANLEY,

Plaintiffs,

-against-

CITY OF NEW YORK, JOHN NIXON, and
JOHN and JANE DOE 1 through 10, individually and in their
official capacities, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

Defendants,

-------------------------------------------------------------X

**CV 10 - 3987**

**COMPLAINT**

Docket No.

Jury Trial Demanded

**GARAUFIS, J.**

**POLLAK, M.J**

Plaintiffs CHERILYN HECTOR and KAREEM STANLEY, by their attorneys,

Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

1.      Plaintiffs brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of their civil rights,

as said rights are secured by said statutes and the Constitutions of the State of New York and the

United States.  Plaintiffs also assert supplemental state law claims.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff CHERILYN HECTOR is a forty-one year old African American woman

who resides in Staten Island, New York.

7.      Plaintiff KAREEM STANLEY is a twenty-five year old African American man

who resides in Staten Island, New York. Plaintiff STANLEY is plaintiffs HECTOR'S son.

8.      Defendant CITY OF NEW YORK was and is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

9.      Defendant CITY OF NEW YORK maintains the New York City Police

Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police

department, authorized to perform all functions of a police department as per the applicable

sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10.      That at all times hereinafter mentioned, the individually named defendants JOHN

NIXON, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said

department and were acting under the supervision of said department and according to their

official duties.

11.      That at all times hereinafter mentioned the defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

York and/or the City of New York.

2

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

13.     On September 18, 2008, at approximately 6:30 a.m., the defendant NYPD police officers broke the front door of 130 Hendricks Avenue, Staten Island, New York, and entered said location with firearms drawn.  The defendant officers pointed their firearms at plaintiff HECTOR, placed handcuffs on her wrists, and forcefully escorted her out of said location.

14.     Thereafter, the defendant officers imprisoned plaintiff HECTOR in a police vehicle, in a police precinct, and in Richmond County Criminal Court.

15.     At the time of the above described events, plaintiff STANLEY resided at 130 Hendricks Avenue with his mother, plaintiff HECTOR.  However; on September 17th to 18th, 2008, plaintiff STANLEY slept at his girlfriend Erika Keye's house at 44 Pine Street, Staten Island, New York.  In the morning of September 18, 2008, upon learning that police officers had entered and searched 130 Hendricks Avenue, plaintiff STANLEY went to the Staten Island Probation Department, located at 340 Bay Street, to apprise his probation officer of the NYPD's search of his home.

16.     At approximately 10:00 a.m., while plaintiff STANLEY was sitting in the lobby of the Staten Island Probation Department, the defendant officers arrested plaintiff by placing handcuffs on his wrists and otherwise imprisoning him.

17.     The defendant officers forcefully escorted plaintiff STANLEY to the front of 340 Bay Street, and forcefully subjected plaintiffs STANLEY to a humiliating and unlawful strip search.  The defendant officers touched plaintiff's rectal and genital areas.

3

18.     The defendant officers imprisoned plaintiffs until their arraignments in Richmond County Criminal Court on baseless charges filed under docket numbers 2008RI009371, 2008RI009372; said charges having been filed based on the false allegations of defendant NIXON. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiffs for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

19.     Over the course of the next nine months, the malicious prosecution compelled plaintiffs to return to Court approximately eleven times.

20.     On June 2, 2009, all of the purported charges levied against plaintiffs based on the false allegations of the defendants were dismissed and sealed in Richmond County Criminal Court.

21.     All of the above occurred while other NYPD officers failed to intervene in the illegal conduct described herein.

22.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, promoting, compensating, and supervising of its employees, and due to discrimination against plaintiffs due to their race and/or nationality.

23.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affair Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the proper procedures for execution of search warrants and investigation of incidents; the treatment of innocent and/or

4

uninvolved individuals who are found at the location of an execution of a search warrant, and; the proper procedure for subjecting an individual to a strip search.

24. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

25. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

26. As a result of the foregoing, plaintiffs CHERILYN HECTOR and KAREEM STANLEY sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of their constitutional rights.

### Federal Claims

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

27. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "26" with the same force and effect as if fully set forth herein.

28. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

29. All of the aforementioned acts deprived plaintiffs CHERILYN HECTOR and KAREEM STANLEY, members of a racial minority, of the rights, privileges and immunities

5

guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

30.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

31.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

32.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

33.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34.     Defendants arrested plaintiffs CHERILYN HECTOR and KAREEM STANLEY without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

35.     Defendants caused plaintiffs CHERILYN HECTOR and KAREEM STANLEY to be falsely arrested and unlawfully imprisoned.

## AS AND FOR A THIRD CAUSE OF ACTION
(Unlawful Strip Search under 42 U.S.C. §1983)

36.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in

6

paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.     Defendants strip searched plaintiff KAREEM STANLEY in the absence of reasonable individualized suspicion that plaintiff was in possession of weapons or contraband at the time he was searched.

38.     Defendants thereby caused plaintiff KAREEM STANLEY to be deprived of his right to be free from unlawful strip searches.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

39.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     Defendants initiated, commenced and continued a malicious prosecution against plaintiffs CHERILYN HECTOR and KAREEM STANLEY. .

41.     Defendants caused plaintiffs CHERILYN HECTOR and KAREEM STANLEY to be prosecuted without any probable cause until the charges were dismissed on or about June 2, 2009.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

42.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.     Defendants issued criminal process against plaintiffs CHERILYN HECTOR and KAREEM STANLEY by causing their arrest and prosecution in Richmond County Criminal Court.

44.     Defendants caused plaintiffs CHERILYN HECTOR and KAREEM STANLEY to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of

7

the legal process, to wit: to cover up their abuse of authority, and thereby violated plaintiffs' right to be free from malicious abuse of process.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

45.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.    The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

47.    As a result of the foregoing, plaintiffs CHERILYN HECTOR and KAREEM STANLEY were deprived of their liberty and right to substantive due process, causing emotional and physical injuries.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

48.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.    The defendants falsely arrested and maliciously prosecuted plaintiffs CHERILYN HECTOR and KAREEM STANLEY, and illegally strip searched plaintiff KAREEM STANLEY because of the plaintiffs' national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

50.    As a result of the foregoing, plaintiffs CHERILYN HECTOR and KAREEM STANLEY were deprived of their rights under the Equal Protection Clause of the United States Constitution.

8

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

51. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. Defendants had an affirmative duty to intervene on behalf of plaintiffs CHERILYN HECTOR and KAREEM STANLEY, whose constitutional rights were being violated in their presence by other officers.

53. The defendants failed to intervene to prevent the unlawful conduct described herein.

54. As a result of the foregoing, plaintiffs CHERILYN HECTOR and KAREEM STANLEY'S liberty were restricted for an extended period of time, they were put in fear of their safety, they were humiliated and subjected to handcuffing and other physical restraints, and plaintiff STANLEY was subjected to an illegal strip search.

## AS AND FOR A NINTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

55. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. The supervisory defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

## AS AND FOR A TENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

57. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

9

58.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

59.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, arresting citizens without probable cause and then committing perjury and/or manufacturing evidence in an effort to convict such individuals. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of illegally strip searching citizens in the absence of reasonable individualized suspicion that the citizen was in possession of weapons or contraband at the time of the search. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, promoting, compensating and supervising its employees that was the moving force behind the violation of plaintiffs CHERILYN HECTOR and KAREEM STANLEY'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, promote, compensate and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

60.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs CHERILYN HECTOR and KAREEM STANLEY.

61.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate

10

cause of the constitutional violations suffered by plaintiffs CHERILYN HECTOR and KAREEM STANLEY as alleged herein.

62.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs CHERILYN HECTOR and KAREEM STANLEY as alleged herein.

63.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs CHERILYN HECTOR and KAREEM STANLEY were unlawfully arrested, illegally searched, and maliciously prosecuted.

64.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs CHERILYN HECTOR and KAREEM STANLEY'S constitutional rights.

65.     All of the foregoing acts by defendants deprived plaintiffs CHERILYN HECTOR and KAREEM STANLEY of federally protected rights, including, but not limited to, the right:

       A.     Not to be deprived of liberty without due process of law;

       B.     To be free from false arrest/unlawful imprisonment;

       C.     To be free from unlawful strip searches;

       D.     To be free from the failure to intervene;

       E.     To be free from malicious prosecution;

       F.     To be free from malicious abuse of process;

       G.     To receive equal protection under law.

66.     As a result of the foregoing, plaintiffs CHERILYN HECTOR and KAREEM

11

STANLEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

67.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.     Within ninety (90) days after the claim herein accrued, plaintiff KAREEM STANLEY duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

69.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

70.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

71.     Plaintiff KAREEM STANLEY has complied with all conditions precedent to maintaining the instant action.

72.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

73.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74.     Defendants initiated, commenced and continued a malicious prosecution against

12

plaintiff KAREEM STANLEY.

75.    Defendants caused plaintiff KAREEM STANLEY to be prosecuted without probable cause until the charges were dismissed on or about June 2, 2009.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

76.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

78.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

79.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

80.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff KAREEM STANLEY.

81.    As a result of the aforementioned conduct, plaintiff KAREEM STANLEY suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

82.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted

13

and participated in the arrest, strip search, and prosecution of plaintiff KAREEM STANLEY.

84.     Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

85.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.     Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest, search, and prosecution of plaintiff KAREEM STANLEY.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

87.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88.     Plaintiff KAREEM STANLEY'S injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

89.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90.     Defendant CITY OF NEW YORK is vicariously liable for the acts of its

employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

**AS AND FOR A SEVENTEENTH CAUSE OF ACTION**
(Violation of N.Y.S. Constitution Article 1 §11)

91.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92.     As a result of defendants' conduct, plaintiffs CHERILYN HECTOR and KAREEM STANLEY were deprived of their right to equal protection of laws.

**AS AND FOR AN EIGHTEENTH CAUSE OF ACTION**
(Violation of N.Y.S. Constitution Article 1 §12)

93.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94.     As a result of defendants' conduct, plaintiffs CHERILYN HECTOR and KAREEM STANLEY were deprived of their right to security against unreasonable searches, seizures, and interceptions.

95.     As a result of the foregoing, plaintiffs CHERILYN HECTOR and KAREEM STANLEY are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs CHERILYN HECTOR and KAREEM STANLEY demand

judgment and pray for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages in an amount to be determined by a jury;

(C)     reasonable attorney's fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       August 31, 2010

                                  LEVENTHAL & KLEIN, LLP
                                  45 Main Street, Suite 230
                                  Brooklyn, New York 11201
                                  (718) 722-4100

                          By:     _____
                                  BRETT H. KLEIN (BK4744)

                                  Attorneys for Plaintiffs CHERILYN HECTOR and
                                  KAREEM STANLEY

16